Filed 10/2/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIO GUTIERREZ,<br><br>    Defendant and Appellant. | A153419<br><br>(Contra Costa County<br>Super. Ct. No. 5170563) |

The issue in this case is one that arises every day in California. A law enforcement officer arresting someone for driving under the influence (DUI) informs the suspect that he or she must submit to a breath test or blood test to measure blood alcohol content (BAC). If the suspect, faced with this choice between tests, elects a blood test, must the arresting officer then get a warrant before having the suspect's blood drawn? We conclude no warrant is necessary in these circumstances, under the well-recognized and categorical exception to the Fourth Amendment's warrant requirement for a search incident to arrest.

The United States Supreme Court recently applied the search-incident-to-arrest doctrine to BAC testing in *Birchfield v. North Dakota* (2016) 579 U.S. ___ [136 S.Ct. 2160] (*Birchfield*). *Birchfield* held that a motorist arrested on DUI charges may be compelled to blow into a machine to measure the driver's BAC; the arresting officer needs no warrant because a breath test is a valid search incident to a DUI arrest. (*Id.* at p. 2176.) But if instead the officer directs that the suspect's blood be drawn for the same purpose, the officer does need a warrant. A blood test is more intrusive, and so

1

cannot be justified under the search-incident-to-arrest exception to the warrant requirement, *Birchfield* held. (*Id*. at p. 2184.) What *Birchfield* does not address is how the search-incident-to-arrest exception applies when a suspect is compelled to undergo BAC testing but given a choice as to what form that testing takes. We hold that this element of choice is dispositive, and that if a DUI suspect freely and voluntarily chooses a blood test over a breath test then the arresting officer does not need a warrant to have the suspect's blood drawn.

## I. FACTS AND PROCEDURAL BACKGROUND

The district attorney charged Gutierrez with three misdemeanor counts: driving under the influence of an alcoholic beverage (Veh. Code, § 23152, subd. (a)), driving with a .08-percent blood alcohol content (Veh. Code, § 23152, subd. (b)), and driving a motor vehicle without a valid license (Veh. Code, § 12500, subd. (a)). Gutierrez moved pursuant to Penal Code section 1538.5 to suppress all evidence obtained from a blood draw administered after his arrest, arguing that the blood test violated the Fourth Amendment because the police did not obtain a warrant.

The evidence at the hearing on defendant's motion showed that at approximately 12:30 a.m. on August 24, 2015, Concord police officer Justin Wilson was dispatched to a parking lot where a security guard had observed a red truck "doing a burn-out in the parking lot spinning its back tires." Approaching the red truck, which was then parked, Wilson observed an individual later identified as Gutierrez asleep in the driver's seat. Wilson asked Gutierrez for his driver's license, and Gutierrez responded with a Mexican consular identification card instead. Wilson ran a driver's license check and learned that Gutierrez had no valid California driver's license.

While speaking with Gutierrez, Wilson smelled alcohol on his breath and noticed watery eyes and a slight slur to his speech. Gutierrez admitted to drinking several beers. With the aid of a Spanish-speaking police officer to translate, Wilson administered field

sobriety tests including a Preliminary Alcohol Screening test.  Concluding as a result of this investigation that Gutierrez had been driving under the influence of alcohol, Wilson placed him under arrest.

With the assistance of the Spanish-speaking officer, Wilson informed Gutierrez that the law required him to submit to a blood or breath test.  Wilson then transported Gutierrez to jail, where Gutierrez chose the blood test.[1]  A phlebotomist arrived to draw Gutierrez's blood, which Gutierrez did not resist.   Neither Wilson nor the Spanish-speaking officer ever informed Gutierrez that if he refused both tests, he could face penalties under California's implied consent laws.

At the close of the hearing on the motion to suppress, the prosecution argued that police properly administered the blood draw without a warrant because Gutierrez had consented to the test.  The trial court disagreed, finding that the prosecution had not proven voluntary consent because it had not established that Gutierrez understood he could refuse the test and face the consequences.  The judge distilled the facts of the case to this:  "what the officer said to Mr. Gutierrez was the functional equivalent of, [']We're either going to have your breath or we're going to have your blood.  Take your choice[.'] "  Citing *Missouri v. McNeely* (2013) 569 U.S. 141 (*McNeely*), a case that narrows the circumstances justifying a warrantless blood draw, the court concluded this was an unconstitutional search and granted Gutierrez's motion.  The prosecutor had made only passing reference to *Birchfield*, and the court did not mention the case in explaining its ruling.

The prosecution appealed, and a divided panel of the superior court's appellate division reversed.  Although a majority of the panel agreed with the trial court that Gutierrez had not consented to the blood draw, a different majority concluded the officer

---

[1] The evidence is conflicting on whether the Spanish-speaking officer accompanied Gutierrez and Wilson to the jail, but it is uncontested on the central point: the Spanish-speaking officer translated for Gutierrez while Wilson explained to him the requirement for a breath or blood test, and thereafter Gutierrez chose a blood test.  Gutierrez does not argue that he did not understand the choice between the two tests, only that he was not informed of his right to refuse both of them.

did not violate the Fourth Amendment because he allowed Gutierrez to choose between a blood draw and a breath test. Under *Birchfield* the police may require a person arrested on DUI charges to submit to a breath test without a warrant or consent, the majority reasoned, so the option for a breath test meant that Gutierrez was never compelled to submit to a blood draw. The dissenting judge disagreed on this point: "the fact that the suspect could have elected a different test method that does not require a warrant has no effect on the duty to seek a warrant for a blood draw," in his view.

Gutierrez petitioned our court for review. We granted the petition after concluding "that transfer is necessary to secure uniformity of decision or to settle an important question of law." (Cal. Rules of Court, rule 8.1002.)

## II. DISCUSSION

### A. Warrentless Searches

"Under the Fourth Amendment to the United States Constitution, a warrantless search is per se unreasonable unless the People prove that the search comes within a recognized exception to the warrant requirement." (*People v. Meza* (2018) 23 Cal.App.5th 604, 609-610 (*Meza*).) Drawing a blood sample or administering a breath test is a search (*Birchfield*, *supra*, 136 S.Ct. at p. 2173), and in Gutierrez's case there was no warrant, so the question becomes whether any of the well-recognized exceptions to the warrant requirement justifies this blood draw.

At least three exceptions to the warrant requirement may apply in a DUI case. Each must be analyzed separately. Exigent circumstances, the exception to the warrant requirement at issue in *McNeeley*, is not relevant here, as no party has argued the circumstances of this case bring it within the exigent circumstances exception. (Cf. *McNeeley*, *supra*, 569 U.S. at p. 165; *Meza*, *supra*, 23 Cal.App.5th at p. 611.) Consent, the exception to the warrant requirement that the parties addressed at length in their original briefing before this Court, supplies the rule of decision in a number of

4

recent cases addressing DUI blood draws, with conflicting results.  (*See*, *e.g.*, *People v. Balov* (2018) 23 Cal.App.5th 696, review granted Sept. 12, 2018, S249708 (*Balov*) [consent, although suspect was not told of right to refuse]; *People v. Vannesse* (2018) 23 Cal.App.5th 440, 448, review granted Aug. 29, 2018, S249428 [consent, where suspect signed a form giving option to refuse]; *People v. Ling* (2017) 15 Cal.App.5th Supp. 1 [no consent]; *People v. Mason* (2016) 8 Cal.App.5th Supp. 11 [no consent].)  Search incident to arrest is a third exception to the warrant requirement, and the one primarily at issue in *Birchfield*.  At our request, the parties submitted supplemental letter briefs addressing this exception.

We conclude that the blood draw in this case requires no warrant under the search-incident-to arrest exception.  We agree with the appellate panel that the police may, without a warrant, subject a DUI suspect to a breath or blood test as long as the suspect, rather than the arresting officer, is choosing which test to administer.  Like the appellate panel, our disagreement with the trial court is strictly legal, so we exercise independent judgment in reviewing the constitutionality of the search.  (*People v. Tully* (2012) 54 Cal.4th 952, 979.)

## B.  *Birchfield* **Comes to California**

"The search-incident-to-arrest doctrine has an ancient pedigree." (*Birchfield, supra,* 136 S.Ct. at p. 2174.)  It is a " 'categorical rule' " that "justifies 'a full search of the person' " upon lawful arrest.  (*Id.* at p. 2176.)  In *Birchfield,* the United States Supreme Court heard three consolidated cases, each addressing an aspect of "how the search-incident-to-arrest doctrine applies to breath and blood tests incident to [DUI] arrests." (*Id.* at p. 2174.)  In two of the cases, North Dakota drivers were directed to take blood tests, and in the third a Minnesota driver was ordered to take a breath test, all without warrants.  (*Id.* at pp. 2170-2172.)  One of the three drivers submitted to the test; the other two refused and incurred the attendant penalties.  (*Ibid.*)  All three drivers

challenged their searches on Fourth Amendment grounds, but only the North Dakotans' challenges succeeded.  (*Id.* at p. 2187.)

Weighing the degree to which a test intrudes upon an individual's privacy against the government's interest in obtaining test results, the Supreme Court adopted this rule: a breath test may proceed without a warrant as a search incident to a valid DUI arrest; a blood test may not.  (*Birchfield*, *supra*, 136 S.Ct. at pp. 2176, 2185.)  The Court reasoned "that breath tests do not 'implicat[e] significant privacy concerns' " and "entail 'a minimum of inconvenience.' " (*Id.* at p. 2176 (quoting *Skinner v. Railway Labor Executives' Assn.* (1989) 489 U.S. 602, 625-626).)  By contrast, blood tests " 'require piercing the skin' " and "plac[ing] in the hands of law enforcement authorities a sample ... from which it is possible to extract information beyond a simple BAC reading." (*Birchfield*, *supra*, at p. 2178.)  The need for this greater intrusion "must be judged in light of the availability of the less invasive alternative of a breath test," the Supreme Court explained.  (*Id.* at p. 2184.)  The State of North Dakota "offered no satisfactory justification for demanding the more intrusive alternative without a warrant," and so could not compel a blood test.  (*Id.* at p. 2184.)

In cases such as Gutierrez's, California's statutory scheme does not demand the more intrusive alternative of a blood test without a warrant. Unlike North Dakota, where the law enforcement officer determines which test to administer, in California a DUI suspect usually is given the choice between a breath test and a blood test.  (*Compare* N.D. Cent. Code Ann. §39-20-01(2) (2016) ("law enforcement officer shall determine which of the tests is to be used") *with* Cal. Veh. Code, § 23612(a)(2)(A) ("lawfully arrested ... person has the choice of whether the test shall be of his or her blood or breath").)  Gutierrez was given that choice.  For him, the search consisted of whichever of the two chemical tests he preferred.  If the state can lawfully require a DUI suspect to take a breath test – and *Birchfield* says that it can – then surely the state can lawfully require the suspect to take that same breath test or an alternative if he prefers it. That the

6

state cannot *compel* a warrantless blood test does not mean that it cannot *offer* one as an alternative to the breath test that it clearly can compel. This was the essential insight of the appellate panel that led it to reverse the trial court in this case.

## C. Breath-or-Blood Testing

We reach the same conclusion by analyzing from first principles the search-incident-to-arrest doctrine and the search to which Gutierrez was subjected. Let us call this search a "breath-or-blood" test, since the arresting officer gave Gutierrez the choice of a breath or blood test.

*Birchfield* teaches that to determine whether this category of search is a valid search incident to arrest, we must weigh two competing interests: " ' "on the one hand, the degree to which [the breath-or-blood test] intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." ' " (See *Birchfield, supra,* 136 S.Ct. at p. 2176 (quoting *Riley v. California* (2014) 573 U.S.___ [134 S.Ct. 2473]).) Deductive reasoning compels the conclusion that the breath-or-blood test intrudes on an individual's privacy no more than does the breath test, the less-intrusive option that it includes. Thus, under *Birchfield*, the breath-or-blood test " 'does not implicate significant privacy concerns' " because the breath test does not. (See *id.* at p. 2178.) As in *Birchfield*, "[t]he need for BAC testing is great," and weighing this legitimate governmental interest against the intrusion on privacy, we conclude that the Fourth Amendment permits warrantless breath-or-blood testing, based on the same calculus that led the Supreme Court to approve warrantless breath testing. (*Id.* at p. 2184.)

Gutierrez objects that there is no such thing as a breath-or-blood test, but only two distinct tests that encroach on a suspect's privacy to differing degrees and are therefore governed by different categorical rules – a blood test requiring a warrant, and a breath test not. This is essentially the argument of the dissenting judge on the appellate panel, who opined that the available option of a breath test had no bearing on the

7

constitutionality of the warrantless blood draw. We agree with Gutierrez that the search-incident-to-arrest doctrine operates by categorical rule, rather than by weighing the totality of circumstances in each case anew. (*Birchfield*, *supra*, 136 S.Ct. at p. 2176.) But this categorical approach highlights the importance of getting right the determination of which category applies. On that issue we disagree with Gutierrez. We conclude that to analyze this case – or any case that fits into the broad category of breath-or-blood testing – as if it involved merely a blood test is a category error. From the perspective of the suspect subjected to a search, there is a material difference between being compelled to take a blood test and being compelled to take *either* a breath or blood test, whichever the suspect prefers.

A careful reading of *Birchfield* shows that the United States Supreme Court has not yet addressed the category of cases into which Gutierrez's fits. Although the opinion includes broad language that a blood test may not "be administered as a search incident to" arrest (*Birchfield*, *supra*, 136 S.Ct. at p. 2185), we know that " ' "language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." ' " (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155 (internal citations omitted).) The United States Supreme Court never considered whether a blood test could be administered as a search incident to arrest if a suspect elects it over a breath test, when both are offered. The defendant who submitted to a blood test in *Birchfield* was told that the law required his submission (*Birchfield, supra*, 136 S.Ct. at p. 2186; see also *Beylund v. Levi* (2015) 859 N.W.2d 403), and under North Dakota law it was the arresting officer, not the motorist, who had to decide which test to administer. (N.D. Cent. Code Ann. § 39-20-01(2) (2016).) The same sentence in *Birchfield* that announces the rule against warrantless blood tests grounds this rule on a comparison to the less-intrusive alternative of breath testing. (*Birchfield*, *supra*, 136 S.Ct. at p. 2185 ["Because breath tests are significantly less intrusive than blood tests and in most cases amply serve law

8

enforcement interests, we conclude that a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving."]) California's statutory scheme completely undermines this rationale. It creates an entire category of cases in which the DUI suspect must take a blood test only because he or she has chosen it over a breath test. *Birchfield* did not consider this category of cases.

An older case confirms that the availability of options for a DUI suspect may be dispositive in constitutional analysis. In *South Dakota v. Neville* (1983) 459 U.S. 553, the United States Supreme Court considered whether the constitution allows a prosecutor to introduce evidence of a DUI suspect's refusal to take a chemical test. The defendant in Neville had declined BAC testing at the time of his arrest, protesting "I'm too drunk, I won't pass the test," and he then objected on grounds of self-incrimination to this evidence being used at trial. (*Id*. at pp. 555-557.) The Court was unmoved. It concluded the government had not compelled this communication because it had given Neville a choice to take the test. (*Id*. at p. 562-564.) "[T]he values behind the Fifth Amendment are not hindered when the state offers a suspect the choice of submitting to the blood-alcohol test or having his refusal used against him." (*Id*. at p. 563.) Neville conceded, "as he must, that the state could legitimately compel the suspect, against his will, to accede to the test. Given, then, that the offer of taking a blood-alcohol test is clearly legitimate, the action becomes no *less* legitimate when the State offers a second option of refusing the test, with the attendant penalties for making that choice." (*Ibid*.) By analogy, Fourth Amendment values are not hindered when the state offers a suspect the choice between submitting to a warrantless breath test – which the state concededly can compel – and submitting to the more-intrusive blood test if the suspect prefers it.

Gutierrez likened the choice he faced between breath and blood testing to a defendant arrested in his car for drug possession who is then given a choice between two searches: a warrantless search of his car, which the constitution allows (*Arizona v. Gant* (2009) 556 U.S. 332, 350), and a warrantless search of his cellphone, which it does not

9

(*Riley v. California*, *supra,* 134 S.Ct. 2473). Counsel argued that if the suspect in this hypothetical chose the cellphone search, we would not consider it a valid search incident to arrest even though the suspect had chosen the cellphone search over a search that would have been a valid search incident to arrest. Counsel's argument is creative, but unpersuasive.

Gutierrez's hypothetical differs from the breath-or-blood test at issue in this case because the category of car-or-cellphone testing *is* a fiction. We cannot imagine, as anything other than an academic exercise, that the state would routinely put suspects to the choice in Gutierrez's hypothetical. A car search and a cellphone search generally serve different purposes and yield different kinds of evidence, so law enforcement would likely pursue these two searches independently, rather than treating them as alternatives. By contrast, California law requires arresting officers in most DUI cases to treat breath and blood testing as equally acceptable alternatives. The Vehicle Code states the suspect "has the choice of whether the test shall be of his or her blood or breath and the officer shall advise the person that he or she has that choice." (Veh. Code, § 23612(a)(2)(A).)[2] It is this statute that establishes the category of breath-or-blood testing, because it describes the test an officer should administer – a breath test or a blood test at the suspect's election. No similar statutory or practical rationale creates a category of car-or-cellphone testing.

Conceding, as he must, the constitutionality of a warrantless breath test, Gutierrez would have his act of choosing a blood test over that breath test trigger the requirement for a warrant. We fail to see how Fourth Amendment values are enhanced by requiring a

---

[2] The statute also allows the arresting officer to request a blood test in addition to breath-or-blood testing in certain cases where the suspect has been arrested for driving under the influence of drugs, or a combination of drugs and alcohol. (Veh. Code, § 23612(a)(2)(B)&(C).) The constitutionality of that second test, where it occurs, can and should be separately analyzed. Also we note that the Legislature recently amended other portions of Vehicle Code section 23612, but those amendments do not affect this analysis. (See Assembly Bill No. 2717 (2017–2018 Reg. Sess.).)

magistrate to review a warrant application before an arresting officer can accommodate a suspect's preference for a particular BAC test.

In the related context of a driver's license suspension hearing, another court of appeal has similarly refused to require a warrant when a suspect chooses blood testing over a breath test. (See *Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85.) When Espinoza was arrested for DUI and offered a choice between breath and blood testing, she chose the blood test but insisted it not go forward without a warrant, which the arresting officer declined to procure. (*Id.* at p. 94.) The Department of Motor Vehicles suspended Espinoza's license for refusing the chemical test, and the court of appeal upheld that suspension. (*Id*. at p. 92.) The court assumed without deciding that Espinoza was entitled to refuse a warrantless blood test, but because refusing a breath test would justify suspending her license, the court concluded that her simultaneous refusal to breath test and to submit to a warrantless blood test supported the license suspension. (*Id.* at pp. 113, 116.) At bottom, the *Espinoza* court refused, as do we, to require a warrant as the consequence of a suspect's own preference for a blood test.

## D.  Consent to Additional Intrusion

By opting for the more intrusive procedure, Gutierrez effectively volunteered for whatever additional intrusion a blood test involves, over and above the intrusion inherent in a breath test. For this reason, a suspect who opts for a blood test may be said to consent to the additional intrusion the test entails. But this is a different question from whether a suspect consents to a chemical test in the first place. Consent to a search, as a separate exception to the warrant requirement, must be evaluated under the totality of the circumstances. (*Balov*, *supra*, 23 Cal.App.5th at p. 701.) Here, the parties cite a host of circumstances to support their respective arguments as to whether Gutierrez freely and voluntarily consented to the search in this case. We need not consider many of those facts or resolve the contested issue of whether Gutierrez consented to a chemical test because there is no question that the arresting officer gave Gutierrez a choice between

11

breath and blood testing, and that when faced with this much more constrained choice Gutierrez elected the blood draw.

The relevant circumstances in this case are those that establish Gutierrez was lawfully arrested on suspicion of DUI, and that he then freely and voluntarily exercised the choice California law gives him to take a blood test instead of a breath test. These are the facts that bring this blood draw into the category of breath-or-blood searches that require no warrant under the search-incident-to-arrest doctrine. If Gutierrez had not been presented with a choice between the two tests, or if he had been presented with a nominal choice but compelled to take the blood test without freely and voluntarily choosing it over the breath test, then we could not analyze this search as a breath-or-blood test.

In sum, because Gutierrez chose between the two types of BAC test (as distinct from choosing whether to take a chemical test at all), we hold that the search in this case is properly characterized as a breath-or-blood test and is justified under the search-incident-to-arrest exception to the warrant requirement.

## DISPOSITION

The judgment of the appellate panel is AFFIRMED.

                       _____

                       Tucher, J.

We concur:

_____

Streeter, Acting P.J.

_____

Reardon, J.

Trial Court:                                        Contra Costa County Superior Court

Trial Judge:                                        Hon. Charles B. Burch

Counsel for Appellants:                Robin Lipetzky, Contra Costa County Public Defender; Gilbert Rivera, Deputy Public Defender, Anthony Gedeon

Counsel for Respondents:             Xavier Becerra, Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General; Laurence K. Sullivan, Supervising Deputy Attorney General; Bridget Billeter, Deputy Attorney General